UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


RONALD TERRY                    ]
    Plaintiff,                  ]
                                ]
v.                              ]        No.3:14-2279
                                ]        Judge Trauger
DERRICK SCHOFIELD, et al.       ]
    Defendants.                 ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction (TDOC); its Commissioner, Derrick Schofield; two members of the Internal Affairs Department at TDOC; and four past or present members of the staff at the Riverbend Maximum Security Institution; seeking injunctive relief and damages.

In January, 2012, TDOC officials received confidential information that led them to place the plaintiff in involuntary administrative segregation. Apparently, he has remained in such confinement until the present time.

The plaintiff complains that his placement in involuntary administrative segregation has "cost me my chance at parole and being released to my federal detainer." He asserts that this

placement is violative of his right to due process.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, (1981).

An inmate has no liberty interest in remaining free of administrative segregation, as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472,484 (1995); Mackey v. Dyke, 111 F.3d 460,463 (6th Cir.), *cert. denied*, 118 S.Ct. 136 (1997). Therefore, plaintiff's continued confinement in involuntary administrative segregation does not offend the Constitution.

In the absence of conduct in violation of federal law, the plaintiff is unable to prove every element of his cause of action. Thus, he has failed to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Consequently, this action shall be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge